DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCOTT HERMAN,**
and **CRAIG COOPER,**
Appellants/Cross-Appellees,

v.

**GARY EWERS, GERRI MCGIGHAN-LUKENS,**
and **OXYLIFE RESPIRATORY SERVICES, LLC,**
Appellees/Cross-Appellants.

No. 4D2025-0095

[June 3, 2026]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack Ben Tuter, Judge; L.T. Case No. 062017CA012896AXXXCE.

Ryan Matthew Clancy and Alec William Smith of Ainsworth and Clancy, Coral Gables, for appellants/cross-appellees.

Virgil William Wright, III and David Alan Fifner of Cameron, Hodges, Coleman, LaPointe and Wright, P.A., Ocala, and Patrick G. Gillian and Gwendolyn Pasteur Williams of Gillian, Anderson, Williams & Green, P.A., Ocala, for appellees/cross-appellants.

MAY, J.

After seven years of litigation and a jury trial in a breach-of-contract and letter-of-intent action, the plaintiffs now appeal three post-judgment orders. They argue the trial court erred in denying their motions for attorney's fees for the defendants' bad faith. The defendants cross-appeal, arguing the trial court erred in determining the plaintiffs were the prevailing parties after the jury trial because the defendants prevailed in a 2020 hearing on the plaintiffs' motion for final determination as to status and ownership issues. We affirm on both the direct appeal and cross-appeal. We write only to discuss why the plaintiffs' arguments concerning the March 27, 2024, order denying their motion for attorney's fees for the defendants' bad faith are not properly before us.

Following the hearing on the plaintiffs' motion for final determination as to status and ownership, the plaintiffs prevailed in a jury trial. On February 19, 2024, the plaintiffs moved for attorney's fees, alleging the defendants acted in bad faith in pursuing their counterclaim in the jury trial. On March 27, 2024, the trial court denied that motion. The trial court entered the final judgment on the jury's verdict on April 5, 2024.[1]

Subsequently, both sides filed additional motions: (1) defendants' May 6th amended motion to tax costs and attorney's fees, (2) plaintiffs' July 3rd amended motion for determination of costs, (3) plaintiffs' July 22nd motion for sanctions under section 57.105, Florida Statutes (2023), and (4) plaintiffs' second motion for sanctions filed on September 27th. The trial court entered an order on December 11, 2024, addressing these motions.

On December 26, 2024, the plaintiffs moved for clarification and hearing of their motions for attorney's fees and costs, including their February 19, 2024, attorney's fees motion, which the trial court had denied on March 27, 2024. In denying the motion, the trial court wrote that it had already ruled on that attorney's fees motion in its March 27th order.

To the extent the plaintiffs appeal the trial court's December 26, 2024, order that stated that the trial court had already ruled on their February 19, 2024, motion for attorney's fees, we are unable to address their argument because it is not properly before us. The trial court denied the plaintiffs' February 19, 2024, motion on March 27, 2024. The trial court entered the final judgment on the jury's verdict on April 5, 2024.

When the plaintiffs appealed the final judgment, they failed to raise any issue concerning the March 27, 2024, order. Rather, they waited until the trial court ruled on the subsequently filed post-judgment motions and their motion for clarification and rehearing to raise the March 27, 2024, order. Any argument concerning the March 27, 2024, order is time-barred.

---

[1] The plaintiffs and defendants filed appeals from the final judgment, which were consolidated. However, the plaintiffs failed to raise any issue concerning the March 27, 2024, order denying their motion for fees in those consolidated appeals. *See Herman v. Ewers*, 427 So. 3d 34 (Fla. 4th DCA 2026).

Generally, a pre-judgment denial of a claim of attorney's fees is not appealable because judicial labor remains. *See Gibson v. Siskind*, 330 So. 3d 560, 561 (Fla. 4th DCA 2021). But the ability to appeal changes after a court issues a final judgment on the matter. *See Citizens Prop. Ins. Corp. v. All Ins. Restoration Servs., Inc.*, 365 So. 3d 434, 435 (Fla. 3d DCA 2023) ("[I]nterlocutory orders merge into the final judgment."). Here the April 5, 2024, final judgment set in motion the 30 days to appeal any order entered prior to that date. But the plaintiffs failed to do so. This bars our consideration of their arguments concerning the trial court's March 27, 2024, order in this appeal.

*Affirmed.*

GROSS and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely-filed motion for rehearing.***

3